IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-CV-00753-MSK-MJW

UNITED STATES OF AMERICA,

       Plaintiff,

v.

$7,500.00 IN UNITED STATES CURRENCY,

       Defendant.

---

## RECOMMENDATION ON THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOCKET NO. 10)

---

Entered by Magistrate Judge Michael J. Watanabe

       This matter is before the court on the Plaintiff's Motion for Default Judgment (docket no 10).  The court has reviewed the motion and has taken judicial notice of the court's file.  In addition, the court has considered applicable Federal Rules of Civil Procedure, in particular, Fed. R. Civ. P. 55 and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

      1.      That Plaintiff's Motion for Default Judgment (docket no 10) was referred to Magistrate Judge Michael J. Watanabe for  recommendation by District Judge Marcia S. Krieger pursuant to an Order of Reference dated November 28, 2005.

      2.      That it has jurisdiction over the subject matter and over the parties to this lawsuit.

      3.      That venue is proper in the state and District of Colorado.

1

4.     That each party has been given a fair and adequate opportunity to be
       heard.

5.     That the Clerk of Court entered a Clerk's default pursuant to Fed. R.
       Civ. P. 55 (a) as to the Defendant $7,500.00 in United States Currency
       on September 26, 2005 (docket no 9).

6.     That the Plaintiff commenced this action *in rem* pursuant to 21 U.S.C. §
       881.

7.     That all known interested parties have been provided an opportunity to
       respond and that publication has been effected as required by
       supplemental Rule C(4).

8.     That all known interested parties are not infants or incompetent, officers
       or agents of the State of Colorado, or in the military service.

9.     That after notice, there have been no Claims, Answers, or other
       responsive pleadings filed in this matter as required by Rule C(6) of the
       Supplemental Rules for Certain Admiralty and Maritime Claims.

10.    That based upon the facts and verification set forth in the Verified
       Complaint, it appears by a preponderance of the evidence that there
       was reasonable cause for the seizure of the defendant property and a
       Certificate of Reasonable Cause is granted pursuant to 28 U.S.C. §
       2465.  It further appears that there is cause to issue a forfeiture order
       under 21 U.S.C. § 881.

**RECOMMENDATION**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court

2

**RECOMMENDS**:

1.    That Plaintiff's Motion for Default Judgment (docket no 10) be **GRANTED;**

2.    That default judgment enter in favor of Plaintiff United States of America  and against Defendant $7,500.00 in United States Currency including all right, title, and interest;

3.    That the Plaintiff United States of America shall have full and legal title to the Defendant $7,500.00 and may dispose of said property in accordance with law; and,

4.    That this default judgment and final order of forfeiture shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)( c ) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written specific objections WILL PRECLUDE the party from a *de novo* determination by the District Judge, United States v. Raddatz, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE appellate review of both factual and legal questions, Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 28th day of November 2005.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge